UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

DZEVDET LEKIC,

        Plaintiff,

                              ORDER

    - against -           CV 2011-1242 (ARR)(MDG)

222 EAST 8TH STREET LLC, et al.

        Defendants.

- - - - - - - - - - - - - - - - - - X

    Plaintiff in this action asserts claims against defendants for failure to pay minimum wages and overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA") and New York Labor Law.  Plaintiff seeks to amend his complaint to expand the time frame for which he asserts claims for failure to pay overtime under New York law.  Defendants oppose such an amendment on the ground of prejudice.

BACKGROUND

    Plaintiff commenced this action on March 16, 2011.  In his complaint, plaintiff alleged that he worked for defendants from June 1, 2007 to July 9, 2009 as a porter, janitor, handyman and building superintendent but was paid less than minimum wage and was not paid one and one-half times his regular hourly wage for overtime hours.

On February 21, 2012, the eve of the close of discovery, plaintiff filed a letter requesting a pre-motion conference in connection with an anticipated motion for leave to file an amended complaint. <u>See</u> ct. doc. 8. By his proposed amended complaint, plaintiff sought to withdraw his claims to recover unpaid minimum wages and to expand the time period from 2007-2009 to 2005-2009 for plaintiff's claims for unpaid overtime and spread of hours pay under New York Labor Law. Plaintiff characterized his failure originally to include his claims relating to his employment during 2005 and 2006 as "clerical errors." <u>See</u> <u>id.</u> Defendants oppose that aspect of the proposed amendments that would expand the time frame of the claims on the ground of undue prejudice. At a conference held on April 2, 2012, the Court invited the parties to supplement their submissions to address whether the proposed amended claims would relate back to the filing of the original complaint.

<u>DISCUSSION</u>

Rule 15(a) of the Federal Rules of Civil Procedure provides that the Court should freely give leave to amend a pleading when justice so requires. <u>See</u> <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321 (1971); <u>Andersen News LLC v. American Media, Inc.</u>, 680 F.3d 162, 185 (2d Cir. 2012). Thus, courts should ordinarily grant leave to amend in the absence of bad faith by the moving party, undue prejudice or futility. <u>Friedl v. City of New York</u>, 210 F.3d 79, 87 (2d Cir. 2000);

Manson v. Stacescu, 11 F.3d 1127, 1133 (2d Cir. 1993) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Delay alone does not justify denial of leave to amend. See Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008); Rachman Bag Co. v. Liberty Mutual Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995); Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987). "The concepts of delay and undue prejudice are interrelated -- the longer the period of unexplained delay, the less will be required of the non-moving party in terms of showing prejudice." Davidowitz v. Patridge, 2010 U.S. Dist. LEXIS 42322, at *5 (S.D.N.Y. 2010). In evaluating whether prejudice would result from amendment, a court considers whether the proposed amendment would: "(1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction." Monahan v. N.Y. City Dept. of Corr., 214 F.3d 275, 284 (2d Cir. 2000) (citing Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)). Ultimately, the decision to grant or deny a request to amend is within the discretion of the district court. Foman, 371 U.S. at 182; John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994).

Defendants argue that they would be prejudiced by plaintiff's delay in seeking to amend the complaint. They point

to the fact that since the start of this case and throughout discovery, the parties have focused discovery solely on the period of 2007 to 2009 alleged in the original complaint. Defendants claim that permitting amendment would necessitate "a significant amount of additional discovery," including document production, interrogatories and the re-deposition of plaintiff. Plaintiff has responded that he would seek written discovery and not any additional depositions if amendment is permitted.

Plaintiff filed his request to amend two days before the extended deadline for the completion of discovery. Plaintiff offers no explanation other than "clerical error" for his failure to request amendment sooner, even though he was clearly aware of the facts necessary to allege claims relating to the earlier period at the time he filed the original complaint. An attorney's failure to recognize a potential cause of action does not excuse a delay in seeking amendment. See 380544 Canada Inc. v. Aspen Tech., Inc., 2011 WL 4089876, at *5 (S.D.N.Y. 2011); Davidowitz, 2010 WL 1779279, at *4.

On the other hand, defendants do not claim bad faith by plaintiff in delaying amendment. Although the delay here was avoidable and should not be condoned, the length of the delay is not substantial and defendants are not prejudiced beyond the costs associated with re-opening discovery. Importantly, plaintiff has offered to pay for any incremental expenses caused by the late amendment. Other than supplemental document

-4-

discovery and the continuation of plaintiff's deposition, defendants were unable to identify any other discovery that would be required by plaintiff's additional claims relating to his employment for 2005 and 2006.

Critically, as plaintiff also points out, since amendment relates only to his claims under New York law, he would still be able to file a complaint in state court asserting claims for the new period proposed if leave to amend is not granted. Thus, any prejudice would be offset by the greater efficiency in having the related state and federal claims adjudicated in one action.

A further consideration in determining whether leave to amend should be granted are the limitations in Rule 16(b), an issue not raised by either party. Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007). At the initial conference on June 23, 2011, the parties advised that neither had any intention of amending, as reflected in the scheduling order issued. See minute entry for conference on 6/23/11. "[W]here, as here, the parties convey to the court that there will be no further amendments after the court's case-management conference, Rule 16's "good cause" standard applies even though the resulting scheduling order does not specifically contain a deadline for amending the pleadings." Point 4 Data Corp. v. Tri-State Surgical Supply & Equipment, Ltd., 2012 WL 2458060, at *6 (E.D.N.Y. 2012). Thus, this court "must exercise its discretion under Rule 16(b) to determine

whether the scheduling order should be modified so as to allow an amended complaint." Kassner, 496 F.3d at 244. The more lenient standard under Rule 15(a) must be balanced against Rule 16(b)'s good cause requirement. See Holmes v. Grubman, 568 F.3d 329, 334-35 (2d Cir. 2009); Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003).

Although "the primary consideration is whether the moving party can demonstrate diligence[, i]t is not, however, the only consideration." Kassner, 496 F.3d at 244. "[O]ther relevant factors includ[e], in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." Id. As discussed, the prejudice to defendant is not substantial in light of the limited additional discovery sought by plaintiff and the fact plaintiff could readily commence a state court action asserting the same state law claims as proposed. Also, although defendant may have relied on the claims as originally pled, it clearly knew before plaintiff sought leave to amend that plaintiff also was employed by it during the earlier period covered by the proposed amended complaint. Thus, this Court exercises its discretion to extend the scheduling order to permit plaintiff to file an amended complaint.

At a conference with the parties, the Court raised, sua sponte, the question of whether the amended claims should relate back to the date of the filing of the original complaint. Since the statute of limitations under New York Labor Law is six years,

-6-

absent relation back, any claim for overtime before February 21, 2006,[*] six years before plaintiff filed his motion, would be time barred.  See N.Y. Labor Law § 198(3).

Under Rule 15(c)(2), an amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim that "arose out of the conduct, transaction or occurrence set out" in the original pleading.  Fed. R. Civ. P. 15(c)(1)(B). "[T]he central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading."  Slayton v. Am. Express Co., 460 F.3d 215, 228 (2d Cir. 2006) (internal quotation and citation omitted).  Rule 15(c) also permits relation back if "the law that provides the applicable statute of limitations allows relation back."  Fed. R. Civ. P. 15(c)(1)(a).

Here, plaintiff seeks to amend the complaint to include overtime violations under the New York Labor Law dating back to 2005.  Under the analogous FLSA, a separate cause of action accrues with each paycheck for which additional compensation is claimed.  See Godlewska v. HDA, 2006 WL 1422410, at *4 (E.D.N.Y. 2006); Soler v. G & U, Inc., 86 F.R.D. 524, 528 (S.D.N.Y. 1980); cf. Pollis v. New Sch. for Soc. Research, 132 F.3d 115, 118 (2d Cir. 1997) (each discriminatory paycheck constitutes "a discrete,

---

[*] See infra for discussion that the statute of limitations is tolled upon filing of a motion to amend.

individual wrong rather than a single and indivisible course of action"). Any alleged failure to pay overtime in 2005 will require proof of different albeit very similar acts. Plaintiff's proposed new claims cannot be said to be part of the same transaction or series of transactions as the failure to pay in 2007. Unlike the situation where a proposed amendment involves a new claim brought under a different legal theory based on the same facts, the allegations relating to 2005 would require different evidence from the proof of allegations relating to 2007. Even though plaintiff's expanded claims in his proposed amended complaint are based on the same statutes and same type of conduct as alleged in the original complaint, they are nonetheless based on an "entirely distinct set" of factual allegations. See Slayton, 460 F.3d at 228.

Moreover, permitting relation back to six years before the commencement of this action would be unfair to defendants since they could not have expected that plaintiff would later add claims for a period of his employment beyond the statute of limitations. In his complaint, plaintiff alleged facts relating only to the 2007 through 2009 time period and sought in his first prayer for relief "compensation for the entire period of his employment since June 01, 2007." Compl. at 7. Since nothing in the complaint gave notice to defendants that plaintiff would be seeking damages for an earlier and broader time period, relation back is not appropriate. See Morse/Diesel, Inc. v. Fidelity and

Deposit Co. of Maryland, 1995 WL 358627, at *6-*7 (S.D.N.Y. 1995).

For the same reasons, I find that plaintiff's amended claims do not relate back under New York law.  New York law permits relation back "unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.  N.Y. C.P.L.R. § 203(f); Shefa Unlimited, Inc. v. Amsterdam & Lewinter, 49 A.D.3d 521, 522 (2d Dep't 2008).  Plaintiff's original complaint alleging overtime violations from 2007 to 2009 did not give notice of violations occurring from 2005 to 2007.

In sum, plaintiff is granted leave to amend the complaint to add claims for overtime violations dating back to February 21, 2006.  The date of the filing of the motion to amend is the date the action was commenced for statute of limitations purposes since the defendant is on notice of the new claims as of the filing of the motion.  See Rothman v. Gregor, 220 F.3d 81, 96 (2d Cir. 2000); In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 2007 WL 2979642, at *4 (S.D.N.Y. 2007); Northbrook Nat. Ins. Co. v. J & R Vending Corp., 167 F.R.D. 643, 648 (E.D.N.Y. 1996).  Under New York law, the filing of a motion to amend also tolls the statute of limitations until the date of entry of the order granting leave to amend.  Rogers v. Dunkirk Aviation Sales & Serv., Inc., 818 N.Y.S.2d 717, 717-18 (4th Dep't 2006) (citing Perez v. Paramount Commc'ns, 92 N.Y.2d 749, 754-756 (1999)).

CONCLUSION

For the foregoing reasons, plaintiff's motion to amend is granted, but his claims for violations under New York Labor Law are limited to claims for overtime violations dating back to February 21, 2006.

**SO ORDERED.**

Dated:   Brooklyn, New York
         September 25, 2012

/s/
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE