**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DZEVDET LEKIC,

        Plaintiff,

        v.

222 EAST 8th STREET LLC; Jonas Equities, Inc.; Lawrence Bernstein and Lowell Goldberg,

        Defendants.

Case No. 11 CV 1242 (ARR) (MDG)

DEFENDANTS ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants 222 East 8th Street LLC, Jonas Equities, Inc., Lawrence Bernstein, and Lowell Goldberg (collectively, "Defendants"), by its attorneys, Baker & Hostetler LLP, hereby answer the amended complaint (the "Amended Complaint") of Plaintiff Dzevdet Lekic as follows:

## ANSWER

1. Defendants admit that Plaintiff is a former employee of 222 East 8th Street LLC. The remaining allegations in Paragraph 1 of the Amended Complaint are legal conclusions that do not require a response.

2. The allegations in Paragraph 2 of the Amended Complaint are legal conclusions that do not require a response.

3. The allegations in Paragraph 3 of the Amended Complaint are legal conclusions that do not require a response.

4. Defendants admit that Plaintiff was employed by 222 East 8th Street LLC as building superintendent. Defendants lack sufficient information to admit or deny the averments regarding Plaintiff's residency and citizenship. Defendants deny the remaining allegations set forth in Paragraph 4 of the Amended Complaint.

5. Defendants admit that 222 East 8th Street LLC is the owner of the building located at 222 East 8th Street, Brooklyn, New York. Defendants deny the remaining allegations set forth in Paragraph 5 of the Amended Complaint.

6. Defendants admit that Jonas Equities, Inc. is the manager of a building located at 222 East 8th Street and that it derived revenue from its business undertakings in excess of $1,141,800 per annum. The remaining allegations in Paragraph 6 of the Amended Complaint are legal conclusions that do not require a response.

7. Defendants admit that Lawrence Bernstein and Lowell Goldberg are management agents of 222 East 8th Street LLC. The remaining allegations in Paragraph 7 of the Amended Complaint are legal conclusions that do not require a response.

8. Defendants deny the first sentence in Paragraph 8 of the Amended Complaint. The remaining allegations in Paragraph 8 of the Amended Complaint are legal conclusions that do not require a response.

9. The allegation in Paragraph 9 of the Amended Complaint is a legal conclusion that does not require a response.

10. Defendants admit that Plaintiff received at least the mandated minimum wage for 40 hours of work per week. Defendants deny the remaining allegations set forth in Paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations set forth in Paragraph 11 of the Amended Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Amended Complaint.

13. Defendants deny the allegations set forth in Paragraph 13 of the Amended Complaint.

14. Defendants deny the allegations set forth in Paragraph 14 of the Amended Complaint.

15. The allegations in Paragraph 15 of the Amended Complaint are legal conclusions that do not require a response.

16. Defendants deny the allegations set forth in Paragraph 16 of the Amended Complaint.

17. Defendants replead and incorporate by reference the responses to the allegations contained in Paragraphs 1-16 of the Amended Complaint as set forth herein.

18. Defendants deny the allegations set forth in Paragraph 18 of the Amended Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Amended Complaint.

20. Defendants admit that employees are entitled to compensation for time actually worked and aver that employees are only entitled to time and one half-pay overtime pay under the FLSA for hours worked in excess of 40 in a workweek. Defendants deny the remaining allegations in Paragraph 20 of the Amended Complaint.

21. Defendants deny the allegations set forth in Paragraph 21 of the Amended Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Amended Complaint.

## FOR A FIRST CAUSE OF ACTION

23. Defendants replead and incorporate by reference the responses to the allegations contained in Paragraphs 1-22 of the Amended Complaint as set forth herein.

24. The allegations in Paragraph 24 of the Amended Complaint are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the remaining allegations.

## FOR A SECOND CAUSE OF ACTION

25. Defendants replead and incorporate by reference the responses to the allegations contained in Paragraphs 1-24 of the Amended Complaint as set forth herein.

601617683

26. The allegations in Paragraph 26 of the Amended Complaint are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the remaining allegations.

## FOR A THIRD CAUSE OF ACTION

27. Defendants replead and incorporate by reference the responses to the allegations contained in Paragraphs 1-26 of the Amended Complaint as set forth herein.

28. The allegations in Paragraph 28 of the Amended Complaint are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the remaining allegations.

## PRAYER FOR RELIEF

To the extent there are allegations contained in the paragraph of the Amended Complaint beginning with "WHEREFORE" to which Defendants are required to respond, which Defendants contend they are not, Defendants deny those allegations, and deny that Plaintiff is entitled to the relief sought therein or to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

Each of Plaintiff's claims fail to state facts sufficient to constitute a cause of action against Defendants.

## **SECOND AFFIRMATIVE DEFENSE**

Throughout his employment with Defendants, Plaintiff was properly compensated for all work performed; therefore, Plaintiff's Amended Complaint is barred by the doctrine of payment.

601617683

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff is not entitled to overtime compensation under applicable laws and regulations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted in a good faith belief that they were in compliance with all applicable statutes, laws, and regulations concerning payment of wages and any other compensation owed Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, and/or recovery is precluded, because if the unlawful acts and/or omissions alleged in the Amended Complaint were committed, which is denied, they were not done willfully.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of the claims may be subject to the *de minimus* rule because they involved insignificant amounts of overtime.

### SEVENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because Plaintiff has pled no facts demonstrating that he is entitled to recover liquidated damages.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants are not liable for liquidated damages because any acts or omissions giving rise to the action were in good faith and Defendants had reasonable grounds for believing that any acts or omissions did not violate the Fair Labor Standards Act.

## NINTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred in whole or in part by the statutes of limitations set forth in 26 U.S.C. § 255(a).

## TENTH AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because Defendants are not covered enterprises under the Fair Labor Standards Act.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff is not covered by the Fair Labor Standards act because he did not individually engage in interstate commerce or in the production of goods for interstate commerce, or in any closely-related process or occupation directly essential to such production.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, laches, unclean hands, and/or estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of his failure to exercise reasonable diligence to mitigate his alleged damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## FIFTEENTH AFFIRMATIVE DEFENSE

By his own conduct, actions, or inaction, Plaintiff is estopped from asserting the claims set forth in the Amended Complaint and therefore is barred from the relief sought herein.

601617683

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not caused by any acts or omissions of the Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for lack of jurisdiction.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants expressly deny any and all allegations not specifically admitted herein.

Defendants reserve the right to raise additional affirmative and other defenses that may become applicable to Plaintiff's claims herein.

WHEREFORE, Defendants pray that:

1. Plaintiff take nothing by this action;

2. Defendants be awarded costs of suit and attorneys' fees herein; and

3. For such other and further relief as the Court deems proper.

Dated: October 11, 2012　　　　　　　　　　Respectfully submitted,

By: */s/ Ana S. Salper*
Ana S. Salper
Email: asalper@bakerlaw.com
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201

*Attorneys for Defendants 222 East 8th Street LLC, Jonas Equities, Inc., Lawrence Bernstein, and Lowell Goldberg*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing *Answer to Plaintiff's Amended Complaint* was filed electronically on October 11, 2012. All parties will receive a copy of this filing through the Court's electronic notification system.

      */s/ Ana S. Salper*
Ana S. Salper
Email: asalper@bakerlaw.com
**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Tel: (212) 589-4200
Fax: (212) 589-4201

*Attorneys for Defendants 222 East 8th Street LLC, Jonas Equities, Inc., Lawrence Bernstein, and Lowell Goldberg*