```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


DZEVDET LEKIC,                   *    Case No. 11-CV-1242(ARR)
                                 *
           Plaintiff,            *    Brooklyn, New York
                                 *    October 26, 2012
     v.                          *
                                 *
222 EAST 8TH STREET LLC,         *
 et al.,                         *
           Defendants.           *
                                 *
* * * * * * * * * * * * * * * *

        TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
              BEFORE THE HONORABLE MARILYN D. GO
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:              OKECHUKWU VALENTINE NNEBE, ESQ.
                                Nnebe & Associates P.C.
                                255 Livingston Street
                                3rd floor
                                Brooklyn, NY   11217

For the Defendant:              ANA S. SALPER, ESQ.
                                Baker Hostetler LLP
                                45 Rockafller Plaza
                                New York, NY   10111




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

2

1        (Proceedings commenced at 10:32 a.m.)
2            THE COURT:  Lekick v. 222 East 8th Street LLC.,
3    et. al., docket no. 2011-CV-1242.
4            Will counsel appearing by telephone please state
5    their names for the record, for the plaintiff.
6            MR. NNEBE:  For the plaintiff, Valentine Nnebe.
7            THE COURT:  And the defendants?
8            MS. SALPER:  Ana Salper of Baker and Hostetler.
9            THE CLERK:  Now, as you know Judge Ross requested
10   that I just talk about the pre-motion letter of the
11   defendants.
12           And I just want to confirm, are we correct with
13   respect to the second prong, Mr. Nnebe, that you're not
14   contesting the defendant's second contemplated motion.  I
15   mean --
16           MR. NNEBE:  No, Your Honor.  Okay.  Sorry, Judge.
17           THE COURT:  No, go ahead.
18           MR. NNEBE:  No, like we said in our response to
19   the pre-motion letter providing that they are not disputing
20   the fact that my client, the plaintiff, is an employee,
21   subject to section -- I mean, a New York employee, section
22   142.3.  We're not opposing that motion.  That he's entitled
23   to overtime after 44 hours.  We're not opposing that.
24           THE COURT:  Okay.  That he's not --
25           MR. NNEBE:  (Indiscernible )the motion.

1               THE COURT: Okay. He's not entitled to overtime
2    unless he works more than 44 hours, under the New York Labor
3    Law.
4               MR. NNEBE: That's right.
5               THE COURT: Okay.
6               MR. NNEBE: That's correct, Judge.
7               THE COURT: Okay. Now on the first argument that
8    you intend to raise, Ms. Salper, I mean you raise an
9    interesting legal argument, which I guess is not completely
10   settled in my view, but you need -- in the first instance,
11   before you can bring the motion, establish that the
12   plaintiff was paid more than the minimum wage.
13              And that would require a determination of the
14   number of hours, doesn't it?
15              MS. SALPER: Yes, it would, Your Honor.
16              THE COURT: How could that be undisputed?
17              MS. SALPER: Well, frankly there are various
18   admissions in plaintiff's deposition that he did only work a
19   40 hour week.
20              I mean, he claims in various areas of his sworn
21   testimony that he only worked 8:00 to 5:00. And then he
22   contradicts himself in other places, but he certainly did
23   concede that in various areas.
24              So frankly, we see that as undisputed. You know,
25   I know that plaintiff continues to assert in his amended

4

1   complaint that he worked 168 hours a week, but frankly
2   that's without -- you know, sort of saying this lightly,
3   it's somewhat perjurious because he admitted under oath that
4   he didn't work 168 hours a week.
5            Frankly, I don't see it as much of a disputed
6   issues as is raised in the amended complaint.
7            THE COURT:  I have to say Mr. Nnebe, I'm somewhat
8   disappointed you're still persistent claiming that the
9   plaintiff worked 168 hours a week.  We had discussed that
10  from the initial conferencing.
11           Perhaps I should have made special mention of it
12  in my order granting you leave to amend.
13           But be that as it may, is what Ms. Salper says
14  about your client's testimony during his deposition,
15  correct?
16           Mr. Nnebe?  Did we loose him?
17           MS. SALPER:  Oh, my goodness.  Mr. Nnebe?
18           THE COURT:  Okay.
19           MS. SALPER:  All right, Judge, hold on one second.
20  I can try to conference him back in.
21           THE COURT:  Okay.  Good.
22           MS. SALPER:  All right.  Give me one moment.
23       (Pause.)
24           MS. SALPER:  Sorry, Judge Go.  Hold on one moment.
25           THE COURT:  Sure.

5

1    MS. SALPER: Judge, we're having technical
2  difficulties here. Mr. Nnebe is out of the country and I'm
3  -- so I have this international number and it's not going
4  through.
5    THE COURT: Okay. Oh, well let me see. She may
6  have just called in and we may be able to conference you
7  together.
8    MS. SALPER: Okay.
9    THE COURT: Oh, okay. Oh, here. We'll just
10 listen to him on my -- hello, Mr. Nnebe? Hello? Mr. Nnebe?
11 Oh, I think we lost him again.
12   MS. SALPER: The only thing I can suggest, Judge
13 Go, is I can hang up and call him first and call you again.
14 That seemed to work the first time.
15   THE COURT: Okay.
16   MS. SALPER: Shall I try that or --
17   THE COURT: Okay. Why don't you? And give him my
18 -- I guess he called in so if that happens just -- if he
19 gets disconnected, tell him to call in again and we'll
20 connect the conference and rather than transferring him to
21 another line we can conference him in on this line.
22   MS. SALPER: Okay. Will do. So I will call you
23 back momentarily.
24   THE COURT: Okay. Fine.
25   MS. SALPER: Okay.

6

1         (Off the record from 10:39 a.m. to 10:41 a.m.)
2              MS. SALPER:  I found Mr. Nnebe again.
3              THE COURT:  Okay.  Mr. Nnebe?  Okay.  Good.
4              MR. NNEBE:  I'm so sorry.
5              THE COURT:  No problem.
6              MR. NNEBE:  Our country's telephone is not as good
7    as it is back home.
8              THE COURT:  Okay.
9              MR. NNEBE:  So sorry.
10             THE COURT:  That's fine.  I am just trying to get
11   a handle on what the plaintiff said during his deposition
12   and whether or not it can be characterized as being an
13   admission that would be sufficient to form the basis for the
14   defendant's motion; to underlie the defendant's motion and
15   establish that there are no material facts on this issue, on
16   the number of hours that he worked.
17             MR. NNEBE:  Okay.
18             MS. SALPER:  Right.  And I don't know, Mr. Nnebe,
19   if you were on the line when I spoke.
20             But I mean, as I mentioned to Judge Go, there were
21   several instances in plaintiff's deposition where he
22   admitted that he worked eight hours a day, five days a week.
23             You know, I have specific areas where I said, is
24   that correct?  Do you confirm that?  And he said yes.
25             Now in other areas he did, you know, he did

1    contradict himself.  But he certainly has enough admissions
2    in there where, I mean, I can claim with confidence that
3    it's no longer a disputed fact.
4              And what he certainly didn't admit is that he --
5    well, what he refuted is that he did not work 168 hours a
6    week, which of course is in the amended complaint still.
7              MR. NNEBE:  No, I think -- Judge, if I can come in
8    a little bit.
9              What I do know is that the plaintiff admitted that
10   he was scheduled his normal schedule, scheduled hours was
11   five days a week, eight hours a day.
12             But that he worked more than the hours required of
13   him, that at a minimum -- what he recollect, at a minimum he
14   worked at least 60 hours a week.  That was his deposition
15   and we can bring it out.
16             And he said (indiscernible) he's on 24 hour call,
17   every day, every time.  He was given a phone.  He never left
18   the premises without the consent of the landlord.  So he was
19   (indiscernible) --
20             MS. SALPER:  Your Honor, I'm sorry, but I'm not
21   sure -- I think there's a very serious credibility issue
22   here because in the amended complaint -- in the amended
23   complaint the plaintiffs are still claiming that he worked
24   168 hours a week.  And so now plaintiff's counsel is --
25             MR. NNEBE:  Yes, because he's on call.

```
 1                MS. SALPER:  Don't interrupt me, Mr. Nnebe.
 2                MR. NNEBE:  Ana, usually --
 3                THE COURT:  Mr. Nnebe.  Mr. Nnebe.
 4                MR. NNEBE:  All right.
 5                THE COURT:  We understand that point.  We've all
 6     read that allegation and I do think it detracts from your
 7     case.  But in any event I'll hear Ms. Salper out.
 8                MS. SALPER:  Thank you.  And as I said, you know,
 9     even right now you're claiming that he worked a minimum of
10     60 hours a week and then in the amended complaint you're
11     claiming that he worked 168 hours a week.
12                And then in other parts of his deposition -- I
13     understand the fine distinction you're trying to make
14     between him being scheduled 40 hours a week and working 40
15     hours a week.
16                But in effect, your client -- and let's all
17     remember that he had a Serbian translator so he understood
18     exactly the question that I was asking him when I asked him
19     if he worked eight hours a day, five days a week.
20                I said, is that correct?  And he said, yes, that
21     is so.  And that is an admission. And so I don't know how
22     you're going to get around that.
23                MR. NNEBE:  Ana, truthfully, I don't know what
24     deposition transcript you're talking about.  I've ready them
25     all through.  That's incorrect.
```

9

1          MS. SALPER:  Okay.  Well, I can send you the --
2          MR. NNEBE:  My client says -- my client says he's
3     scheduled to work five days a week.  Five eight hours each
4     day.  But then he worked every day Monday through Sunday,
5     and in any week he worked at least 60 hours.  And he was on
6     call 24 hours.  You don't understand that.
7          MS. SALPER:  Well, I don't understand why you're
8     claiming on the one hand that he worked 60 hours, on the
9     other hand that he worked 168.
10         MR. NNEBE:  That's because he had been on 24 hours
11    call.
12         THE COURT:  If you want to persist in that
13    argument you're certainly more than welcome to, but I've
14    already given you my views on that argument and I suspect
15    Judge Ross will have the same feeling about that argument,
16    Mr. Nnebe.  It's not going to fly, I don't think.
17         But in any event, I am concerned about the parties
18    slowing everything down and engaging in motion practice when
19    there may be a clear issue of fact here.
20         MS. SALPER:  All right.
21         MR. NNEBE:  No, Judge.  Judge, I'm not opposed to
22    the fact that (indiscernible) examination as to how many
23    hours my client worked.  And the (indiscernible) whether
24    he's entitled to straight up hours.  I don't have a problem
25    with that.

1             But to go on a motion for summary judgment with
2   that damnation, and it's not an issue, unless I bring it as
3   an issue now, to make it a motion for summary judgment that
4   my client worked only 40 hours, then I can allow that.  They
5   can go on with the motion.  And we can end it.
6             MS. SALPER:  That's not what we're arguing and
7   that's not what we were requesting in our partial motion for
8   summary judgment, so please don't characterize it that way.
9             THE COURT:  Well, I do think that it's -- if
10  you're not prepared to move for summary judgment in general,
11  then it doesn't make sense for you to be moving for partial
12  summary judgment on this one issue, because a summary
13  judgment motion on the FLSA claim is also dependent on a
14  determination of the hours he worked.  So I just don't quite
15  understand your position that it would be useful to be
16  moving for summary judgment at this juncture.
17            MS. SALPER:  Yes.  I mean, our strategy behind
18  that, frankly,Judge, though, is nothing more than just
19  trying to limit the claim to, you know, the essence of what
20  the claim is.
21            And we felt that after the admissions that we got
22  in the deposition this would be a way to narrow the case.  I
23  mean, I understand that defendant -- or that plaintiff has
24  now, you know, amended his complaint, he's expanded the time
25  that he wants to -- he wants the Court to consider.  He's

11

1  also served us with additional discovery.
2  So frankly, in the interest of judicial
3  expedience, I mean, we're not -- I don't feel that we're
4  delaying it any more than the plaintiff is.
5  But you know, so be it. I mean, you know, I
6  respect obviously, you know, your -- you know, your take on
7  this, Judge Go, and if you feel that this would be -- this
8  is not the appropriate time to do this, you know, I'm
9  certainly going to accept that.
10  I mean, I will say sort of on a related note that
11  when we had the status conference before you Judge Go,
12  several months ago, and you know we sort of said that we had
13  prepared our entire litigation strategy based on the sort of
14  the limited time period and now, you know, we have to
15  respond to additional document requests for another year,
16  you know, it's just -- it's putting our client -- we still
17  maintain the position that it's putting our client in
18  somewhat of a position of prejudice, just because we didn't
19  address any of this additional year in our initial
20  discovery. But --
21  THE COURT: I'm not going to revisit that issue,
22  Ms. Salper.
23  MS. SALPER: Okay.
24  MR. NNEBE: You know, Judge, can I come in?
25  THE COURT: Okay. So --

```
                                                                 12
 1               MR. NNEBE:  You know, and I --
 2               THE COURT:  No.  No, no, no, no, no, you don't
 3     have to respond.
 4               MR. NNEBE:  Your motion, your --
 5               THE COURT:  Mr. --
 6               MR. NNEBE:  -- the motion was --
 7               THE COURT:  Mr. Nnebe.  Mr. Nnebe.
 8               MR. NNEBE:  Sorry, Judge.
 9               THE COURT:  Did you hear what I said?
10               MR. NNEBE:  Yes, sorry.
11               THE COURT:  I'm not going to reconsider that
12     decision and I had set a schedule for discovery, this
13     additional discovery to be completed, so let's complete it.
14               And we'll take this opportunity to discuss what we
15     need to do after the completion of the additional discovery
16     that I've permitted.  So --
17               MR. NNEBE:  Okay, Judge.  I wasn't going to
18     comment on what Ms. Salper said.
19               THE COURT:  No.
20               MR. NNEBE:   I was only going to comment on the
21     fact that you said that my client admitted in his
22     deposition. Our letter motion was based on pure law.
23               THE COURT:  Mr. Nnebe.
24               MR. NNEBE:  If you have attached -- you know, if
25     you know, based on his deposition testimony --
```

```
1                THE COURT:  Mr. Nnebe.
2                MR. NNEBE:  -- then I would amend it.
3                THE COURT:  Mr. Nnebe.
4                MR. NNEBE:  And I would have said, no, it's
5     incorrect.
6                THE COURT:  Mr. Nnebe.
7                MR. NNEBE:  Yes, Judge.
8                THE COURT:  Did you hear Ms. Salper say that she's
9     willing to respect the Court's opinion and not proceed to
10    make a motion on summary judgment at this juncture?
11               MR. NNEBE:  Okay, Judge.
12               THE COURT:  So I would like discovery to be
13    completed.  So Ms. Salper has said she is of the view that
14    it is a hardship but you'll proceed and I just want to make
15    sure you'll complete discovery in a timely fashion.
16               You of course are -- the defendants will have a
17    right to question the plaintiff on the additional time, and
18    on the additional time periods.  And as I've said, the
19    plaintiff will be responsible for the set-up costs --
20               MR. NNEBE:  Okay, Judge.
21               THE COURT:  -- of the deposition.  So when will
22    that all be completed?
23               MS. SALPER:  Well, I guess I could -- we just
24    received a third request for a production of documents and
25    obviously we're, you know, we're going to respond to that
```

14

1    within -- I believe within a month; within 30 days.  And we
2    just received it so where are we?  We're on October 26th, so
3    I'm assuming by the end of November.
4              THE COURT:  Okay.  Are you seeking to have a
5    further deposition of the plaintiff on the new claims?
6              MS. SALPER:  I'm going to have to -- and this is,
7    did you say that the cost would be borne by the plaintiff's
8    counsel?
9              THE COURT:  For setting up the deposition.
10             MS. SALPER:  Right.
11             THE COURT:  The questioning will be your time.  So
12   the transcript will be your time other than the cost of
13   arranging for the court reporter.  I think there is -- isn't
14   there a flat fee to do that?
15             MS. SALPER:  It depends on the court reporting
16   service, but generally -- so it really depends.
17             I know we deal with court reporting services where
18   they charge by how long, you know, how many hours they're
19   there.
20             THE COURT:  Do they charge for travel?
21             MS. SALPER:  Not the folks that we use.
22             THE COURT:  Well, look, you'll work it out with
23   Mr. Nnebe.  I did say that he was responsible for the -- you
24   know the set-up costs for an additional deposition.
25             And had he not -- had these claims been in the

1    original complaint then obviously he would have spent more
2    time.
3             MS. SALPER:  Okay.  Yes, because I think we may
4    want to question the plaintiff again, briefly.
5             THE COURT:  Okay.  Your responses are due in 30
6    days.  Your responses to the document requests are due in 30
7    days and I still missed the last set of document requests,
8    Mr. Nnebe.
9             This is not a chance to reopen discovery that you
10   didn't conduct.  This is a chance to conduct discovery on
11   the new claims that I've permitted you to assert.  Do you
12   understand that?
13            MR. NNEBE:  Yes, Judge.
14            THE COURT:  Okay.  So I assume that those are your
15   last set of document requests, right?
16            MR. NNEBE:  That is correct, Judge.
17            THE COURT:  Okay.
18            MR. NNEBE:  That was my last.
19            THE COURT:  So I assume, Ms. Salper, that it makes
20   sense to depose the plaintiff after he's received the
21   documents?
22            MS. SALPER:  Yes.  Yes.
23            THE COURT:  Okay.  So let me require that his
24   deposition be completed, and all discovery be completed, by
25   December 14th.

16

1      MS. SALPER: Okay. That makes sense.
2      And on the point of discovery, Judge Go and Mr.
3 Nnebe, Mr. Nnebe, we requested copies of the deposition
4 transcripts of the defendant, about -- I don't know, it's
5 been seven, eight months ago.
6      We still have not received copies of the
7 transcripts, so we really would like to see those before we,
8 you know, before we pursue anything. We never received
9 copies from your court reporter.
10     MR. NNEBE: The defendant's deposition transcript?
11     MS. SALPER: Yes, both for Larry Bernstein and --
12     MR. NNEBE: Well, I believe I mailed it to you. I
13 will send a copy to you again. Not a problem.
14     THE COURT: Okay. You'll get that resolved.
15     MR. NNEBE: I need a copy (indiscernible). And I
16 want --
17     THE COURT: Well, wait, wait, wait. Excuse me.
18     MR. NNEBE: -- a full copy.
19     THE COURT: Excuse me. You'll get that resolved
20 between yourselves, okay?
21     MR. NNEBE: Yes.
22     THE COURT: And we will have a conference on
23 December 18th. Is that good for everybody?
24     MS. SALPER: Let me just --
25     MR. NNEBE: Judge, I'm

1          MS. SALPER: Yes, that's --

2          MR. NNEBE: I'm (indiscernible) again on December

3     10 (indiscernible).

4          THE COURT: I'm sorry? I didn't hear you. The

5     connection wasn't good. I'm extending discovery to December

6     14th and I wanted a conference on the 18th. So you're

7     telling me that's not good for you? Mr. Nnebe?

8          MR. NNEBE: No, Judge. I'm going back to

9     (indiscernible) for my (indiscernible).

10         THE COURT: When are you going back to Nigeria?

11         MR. NNEBE: December 10th, one week.

12         THE COURT: Oh, I see. Okay, I understand. Could

13    you depose the plaintiff the week of December 3rd?

14         MS. SALPER: Yes, Your Honor.

15         THE COURT: Okay. Then we'll have a conference on

16    December 7th at 9:30.

17         MS. SALPER: Okay. And will it be by phone, Your

18    Honor.

19         THE COURT: Is there any possibility of

20    settlement?

21         MS. SALPER: Of settlement? I have not revisited

22    that with my client lately. I know if the number that

23    plaintiff's counsel put on the table is still the number,

24    there will be no possibility of settlement.

25         THE COURT: Okay. All right. We'll conduct that

```
1      by telephone.
2              MS. SALPER:  Okay.
3              THE COURT:  But I do hope you will consider what
4      I've discussed in the past, Mr. Nnebe.  And if you think it
5      would be useful --
6              MR. NNEBE:  Okay, Judge.
7              THE COURT:  And, you know, tell me at that time or
8      tell me -- you can call chambers if you think it would be
9      useful to have a conference with your client and wish to do
10     so.  But let's get this additional discovery completed.
11             So I hope you'll be able to respond to the
12     document request sooner rather than later.  It's always a
13     good practice, actually, to try to get them out in advance
14     of the 30 days that you have been permitted.
15             MS. SALPER:  We typically do, Judge Go.
16             THE COURT:  Okay.  So I'm extending discovery to
17     December 6th and our conference will be on the 7th at 9:30.
18             MS. SALPER:  All right.  Thank you, Your Honor.
19             THE COURT:  Okay.
20             MR. NNEBE:  Thank you.
21             THE COURT:  Have a good day.
22             MR. NNEBE:  Thank you, Your Honor.
23             THE COURT:  Okay.  Good bye.
24             MS. SALPER:  Thank you.
25             MR. NNEBE:  Ana, thank you, so much.
```

19

1         MS. SALPER: All right. Thank you. Bye bye.

2     (Proceedings concluded at 10:57 a.m.)

3         I, CHRISTINE FIORE, Certified Electronic Court

4 Reporter and Transcriber and court-approved transcriber,

5 certify that the foregoing is a correct transcript from the

6 official electronic sound recording of the proceedings in

7 the above-entitled matter.

8

9 *Christine Fiore*

10 _____ April 4, 2013

11     Christine Fiore, CERT